JOHN GIBBINS v. V. V. ADAMSON, *as Treasurer of Jackson County, et al.*

44  203
51  644
53  461

PERSONAL-PROPERTY STATEMENT, *When not to be Changed by Assessor.* When a township assessor receives a personal-property statement from a person without making any objection thereto, and afterward makes his return to the county clerk, and such statement is filed in his office, the assessor has no authority to change and alter the returns so made, without notice, by adding a greater sum than that returned by him.

*Error from Jackson District Court.*

ACTION to restrain the collection of a certain tax. Judgment for defendants, the treasurer and the sheriff of Jackson county, at the March term, 1888. The plaintiff *Gibbins* brings the case here. The facts are stated in the opinion.

*Hayden & Hayden,* for plaintiff in error.

*R. G. Robinson,* county attorney, for defendants in error.

Opinion by GREEN, C.: John Gibbins brought this action in the district court of Jackson county to restrain the collec-

tion of a personal-property tax, claimed to be illegally assessed against him. The material allegations of the petition are, that on the 9th of May, 1887, the plaintiff made and submitted to the assessor of Netawaka township his personal statement for the purposes of taxation, in said township, in Jackson county, which statement contained: "Average amount of merchant's moneys and credits for preceding year, three hundred dollars, assessed value, one hundred and fifty dollars; mortgages, six hundred dollars, assessed value, three hundred dollars; aggregate value of all other personal property, forty dollars," making a total of all taxable property of $490; deducting the constitutional exemption, left the amount of two hundred and ninety dollars, for the purpose of assessment and taxation; that on the 31st of May the township assessor duly made out and delivered to the county clerk, in tabular form, a list of the names of the persons in said township for the purposes of taxation, and that this list was on the 31st of May, filed with the clerk of Jackson county; that after the filing of the list with the clerk, the township assessor without authority of law, entered an interlineation opposite the name of the plaintiff, upon the list so returned, as follows: "Doubly assessed"; and in the column designating the amount of personal property of plaintiff subject to taxation, entered the amount six thousand two hundred and ninety dollars, and in the column designating the assessed value of the plaintiff's property, the figures $6,290, thereby altering the list of the plaintiff's personal property and statement liable for taxation for the year 1887, to the sum of $6,290, instead of $290, as returned by him; that the county clerk carried to the tax-roll of 1887 as the assessed value of the plaintiff's property the sum of $6,290, instead of $290, and wrongfully and unlawfully entered the sum of $213.85 as the total amount of taxes assessed against the plaintiff for 1887, instead of the sum of $9.86, which should have been entered as the proper legal amount of taxes assessed against him; that the plaintiff had no knowledge that the assessed value of his personal property had been raised, or altered, until on or about the 5th of De-

cember, 1887; and that he thereupon notified the defendant, Adamson, as county treasurer, of the erroneous assessment, and offered to pay the amount of tax due upon an assessed valuation of $290, which was refused. A warrant was afterward issued by the treasurer to the defendant Francis, sheriff of said county, for the sum of $224.54; that on the 31st of January, 1888, plaintiff tendered to the defendant, Francis, sheriff, etc., the sum of $11.61, in payment of the amount of personal-property tax which he admitted to be due upon a valuation of $290. A temporary restraining order was obtained upon the filing of this petition, on the 13th of February, 1888. 'A demurrer was interposed to this petition, which was sustained by the court below, and the plaintiff below elected to stand upon his petition. Judgment was rendered for the defendants for costs. The plaintiff in error brings the case here for review.

The sole question presented in this case for consideration is, whether after a person has duly made out and delivered to the township trustee his personal-property statement, as provided by §§ 4 and 10 of chapter 107 of the Comp. Laws of 1885, and after return has been made to the county clerk as provided by § 65 of chapter 107 of the tax laws, a township assessor may, without notice to the person assessed, increase the amount of the personal property for which the person is liable for taxation. We think this question must be answered in the negative, and the court below was in error in sustaining the demurrer to the petition of the plaintiff. It appears from the allegations of the petition that the assessor had made his return to the county clerk, without any change or alteration in the personal-property statement of the plaintiff in error After the return was made and filed in the office of the county clerk, we do not think the assessor had any authority to make any change whatever in his return, especially, without notice to the plaintiff.

It is claimed upon the part of the defendant in error that the petition does not show that the plaintiff had listed all of his property which was subject to taxation. We do not think

this can be successfully maintained. A personal-property statement is set out in full in the plaintiff's petition, and it contains the oath required in all personal-property statements, which states that the plaintiff did set forth all personal property which by law he was required to list, either on his own account or in behalf of others. We think this sufficient to bring the plaintiff within the rule, and entitles him to the protection of the court.

It appears from the petition that the plaintiff offered to pay to the county treasurer the amount of the taxes due upon the valuation as returned by him, and that after the issuance of the tax warrant he tendered to the sheriff the amount of such tax, with the additional costs for the warrant. These tenders, it appears from the petition, were refused, upon the part of the treasurer as well as the sheriff. We think this is a sufficient allegation to entitle the plaintiff to the relief prayed for; and we are of the opinion that the effort upon the part of the assessor to change the statement, as made by the plaintiff in error, after having been returned to the clerk, was unauthorized, and made without any authority of law. If the allegations of the petition are true, the tax over and above the valuation of two hundred and ninety dollars was unlawful. We think the petition did state facts sufficient to constitute a cause of action, and that the court below erred in sustaining the demurrer thereto.

We recommend that the judgment of the court below, in sustaining the demurrer to plaintiff's petition, be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.